# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

**MARCUS CLARK**

        **Plaintiff,**

**v.**                                  **Case No. 05-2550-JWL**

**BRADLEY THOMAS, et al.**

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Marcus Clark filed a petition on November 18, 2005, in the District Court of Wyandotte County, Kansas, alleging negligence, battery, and a section 1983 violation against the defendants: police officer Bradley Thomas; the Board of Police Commissioners of Kansas City, Missouri ("the Board"); and the individual members of The Board ("the Board Members"), including Angela Wasson-Hunt, James Wilson, Terry Brady, Karl Zobrist, and Kay Barnes. On December 22, 2005, the defendants removed the case to this court.

This matter comes before the court on the Board Members' motion to dismiss pursuant to the Eleventh Amendment (doc. 9). As explained below, the Board Members' motion to dismiss is denied because the Board Members waived their immunity by removing this action to federal court.

# ANALYSIS

The Board Members move to dismiss on the basis that they are immune from suit under the Eleventh Amendment. It provides in part that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has interpreted the Eleventh Amendment to mean that "'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Estes v. Wyoming Dept. of Transp.*, 302 F.3d 1200, 1203 (10th Cir. 2002) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).

More specifically, the Eleventh Amendment proscribes damages actions against a state in federal court unless the state has waived its immunity. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir.2000) (citing U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). It precludes not only actions in which the state is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (barring any "retroactive award which requires the payment of funds from the state treasury" and limiting the federal courts to providing only "prospective injunctive relief" against state officials sued in their official capacity); *Reames v. Oklahoma ex rel. OK Health Care Authority*, 411 F.3d 1164, 1167 (10th Cir.2005). In addition, a suit against a state official in his or her official capacity is treated as a suit against the state itself. *See Kentucky v. Graham,*

473 U.S. at 165; *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978).   Thus, the Eleventh Amendment prohibits a suit for damages against a state official sued in his official capacity.   *See Hafer*, 502 U.S. at 25 ; *Kentucky v. Graham*, 473 U.S. at 166.

Had this case originally been filed in federal court, then it would have been pivotal in applying the general rules of Eleventh Amendment immunity whether the Board is considered a state agency.   Not surprisingly, the parties ardently dispute this issue in their briefs, but the plaintiff correctly argues that even if the Board is deemed a state agency, the Board Members nevertheless have waived their Eleventh Amendment immunity by removing the suit to federal court.

The plaintiff's argument is well-received, as it is axiomatic that a state may waive its immunity from suit in federal court.   Within this context, the Supreme Court's decision in *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002), "clearly holds that a State waives its sovereign immunity to suit in a federal court when it removes a case from state court." *Estes v. Wyoming Dept. of Transp.*, 302 F.3d 1200, 1204 (10th Cir. 2002).   This waiver of immunity applies to every claim removed, regardless of whether it arises under either state or federal law.   *Id. See also Schrier v. University Of Colo.*,  427 F.3d 1253, 1268 (10th Cir. 2005) ("we have unequivocally held that a state entity waives its Eleventh Amendment immunity by affirmative litigation conduct such as removing a case to federal court"); *Robinson v. Kansas,* 295 F.3d 1183, 1189 (10th Cir. 2002) (same).

In their reply brief, the Board Members make no attempt to explain why they have not

waived their alleged Eleventh Amendment immunity by removing the suit to federal court. Their failure to respond is fatal to their motion. *See Ybarra v. Amoco Production Co.*, 1999 WL 398746, *1 (10th Cir. 1999); *Torres-Tejada v. Ashcroft*, 81 Fed. Appx. 69, 74 (7th Cir. 2003); *Meyer v. Berkshire Life Ins. Co.*, 250 F. Supp. 2d 544, 558 (D. Md. 2003). In sum, then, the Board Members' motion to dismiss is denied because they waived their Eleventh Amendment immunity by removing this matter to federal court.

As a final matter, the court acknowledges that in their reply brief, the Board Members attempted to raise an entirely new line of argument why the court should dismiss the plaintiff's section 1983 claim against them. They state in their reply brief: "There is no need to even address the whether the defendants have waived their Eleventh Amendment immunity, because in addition to Eleventh Amendment immunity, as state officials sued in their official capacity, they are not subject to suit for damages under section 1983."

The court will not address this new argument, however, because it is entirely beyond the scope of their original motion to dismiss. As a result, the plaintiff has had no opportunity to respond, which is patently unfair. *See Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply."). If the court were to address this new argument, the court would subvert the adversarial process. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("The reasons [for not considering new arguments] are obvious. It robs the [nonmoving party] of the opportunity . . . to present an analysis of the pertinent legal precedent that may compel a contrary result. The rule also protects this court from publishing

4

an erroneous opinion because we did not have the benefit of the [nonmoving party's] response."). The court therefore expresses no opinion regarding the new argument included in the Board Members' reply brief.

## Conclusion

For the reasons explained above, the Board Members' motion to dismiss pursuant to the Eleventh Amendment is denied. The Board Members are free to raise the argument that they are not "persons" as that term is used under section 1983 in a properly filed motion for judgment on the pleadings or for summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that the Board Members' motion to dismiss pursuant to the Eleventh Amendment (doc. 9) is denied.

**IT IS SO ORDERED** this 16th day of March, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge